UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
REGINA LLOYD f/n/a REGINA LESPINASSE,
:
              Plaintiff,
:
   -against-                          **MEMORANDUM AND ORDER**
:
                                                                 11 Civ. 3154 (LTS)(KNF)
ERIC H. HOLDER, JR., ATTORNEY GENERAL, :
UNITED STATES ATTORNEY'S OFFICE,
SDNY, and PATRICIA MALLETTE individually, :

              Defendants.    :
------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

*Background*

      The plaintiff, proceeding pro se in this employment discrimination action based on Title VII of the Civil Rights Act of 1964 and various state laws, moves for appointment of counsel, pursuant to 28 U.S.C. §1915(e)(1). Her motion is unopposed.

      The plaintiff, an African-American female, alleges that she started working for the defendants in 1993, in the Criminal Clerk's Office in the United States Attorney's Office, Southern District of New York. She contends that her work-performance reviews reflected predominantly "substantivally exceeded expectations," until 2006. According to the plaintiff, in 2005 and 2006, she alternated the duties of acting supervisor with a male Caucasian colleague, for which neither was compensated properly. The plaintiff alleges that, when Patricia Mallette became their supervisor, she subjected the plaintiff "to disparate treatment when compared to similarly situated male Caucasian counter-parts," including: taking duties and opportunities from her and reassigning them to the male Caucasian colleague, excluding the plaintiff from meetings

and correspondence while providing access to the same for the male Caucasian colleague, directing her to water plants in the lobby and throughout the building, treating her "as a second class citizen," and giving her a work-performance review that was not signed by the plaintiff. The plaintiff contends that she was forced to leave the department where she worked, in or about April 2008, and she was denied promotion to the position "Lead Legal Assistant," in 2008, which was given to her male Caucasian colleague. According to the plaintiff, since her male Caucasian colleague was promoted, she applied several times for the position Lead Legal Assistant, but failed to receive an offer as a result of discrimination and retaliation.

In her application for the court to appoint counsel, the plaintiff contends that her case "is very serious" and has merit. The plaintiff argues that she needs representation because she does not "know the laws like attorney would know." The plaintiff contends that she contacted numerous law firms in an attempt to secure representation, but she either could not afford the retainer or the mention of the United States Attorney's Office made them decline to assist her.

***Legal Standard***

"The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "In deciding whether to appoint counsel, . . . the district [court] should first determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). Once this threshold is met, the court then considers other criteria, "such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute." Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) (citing Hodge, 802 F.2d at 61-62).

*Application of Legal Standard*

At this stage of the proceeding, the plaintiff's claim seems likely to be of substance because the plaintiff made factual allegations that, if true, would lend support to her claim of employment discrimination. However, the plaintiff's explanation, that she needs an attorney because she does "not know the laws like attorney would know," without more, is not a sufficient basis to grant her application. This action appears to consist of a simple employment discrimination claim, revolving mainly around the plaintiff's supervisor and the supervisor's treatment of the plaintiff's male Caucasian colleague and the plaintiff. The plaintiff's amended complaint alleges that the plaintiff works in the legal field, namely, in the "Complex Frauds Unit" of a prosecutor's office, where she contends she receives "routinely outstanding reviews." According to the plaintiff, she is qualified for the position of Lead Legal Assistant, which the defendants acknowledged. Moreover, the plaintiff's amended complaint demonstrates the plaintiff's ability and skill in articulating factual allegations and governing legal authorities, as well as her understanding of the necessary elements of her claim and the nature of relief that might be available to her.

Based on the amended complaint, the plaintiff appears to be capable of navigating the legal minefield unassisted. Although the plaintiff stated that she could not afford counsel, she indicated no other reason why in this case appointment of counsel would more probably lead to a just resolution of the dispute. Accordingly, the plaintiff's application for appointment of counsel, Docket Entry No. 9, is denied.

Dated: New York, New York
January 18, 2012

SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

3

Copies mailed to:

Regina Lloyd
Daniel Kirschbaum, Esq.